IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GUADALUPE FRIAS, et al.,                  §
                                          §
                    Plaintiffs,           §
                                          §
VS.                                       §        Civil Action No. 3:23-CV-0550-D
                                          §
GENARO HERNANDEZ, et al.,                 §
                                          §
                    Defendants.           §

MEMORANDUM OPINION
AND ORDER

       This is an action by plaintiffs Guadalupe Frias ("Frias") and Shannon McKinnon

("McKinnon") against defendant Genaro Hernandez ("Officer Hernandez"), the City of

Dallas, and John Does alleging a federal-law claim for false arrest under 42 U.S.C.

§ 1983 and state-law claims.  Officer Hernandez moves to dismiss under Fed. R. Civ. P

12(b)(6) for failure to state a claim on which relief can be granted.  For the reasons that

follow, the court grants Officer Hernandez's motion to dismiss as to plaintiffs' federal-

law false arrest claim, declines to reach the motion as to plaintiffs' state-law claims, and

grants plaintiffs leave to replead.

                                          I

       Plaintiff McKinnon owns and operates a live music venue, the Green Elephant.[1]

---

[1] "In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiffs'] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

Plaintiff Frias is a Texas peace officer employed by the Green Elephant to provide security for the venue.  Defendant Officer Hernandez is a police officer employed in the Dallas Police Department ("DPD") Property Crimes Division.  Outside of his work for the City as a police officer, Officer Hernandez coordinates security for the Stainback Organization, a neighboring business of the Green Elephant.

On August 4, 2019 a disturbance occurred in the parking lot of the Green Elephant that led to shots being fired.  Plaintiffs and other staff members investigated and were told that the police had been called.  When no DPD units arrived, plaintiffs began searching the parking lot for shell casings and any other items that could be preserved for the authorities.  McKinnon picked up shell casings and placed them in a cup before returning with the items to the Green Elephant to await the police.  No police came that night, but approximately one week later a DPD officer arrived at the Green Elephant and took custody of the shell casings.

Following the incident, the Stainback Organization asserted that gunshots from that night had damaged its property.  On August 6, 2019 Officer Hernandez was assigned to follow up on an investigation of criminal mischief related to the property damage claimed by the Stainback Organization.  After reviewing surveillance video that showed plaintiffs responding to the incident and later retrieving the shell casings, Officer Hernandez provided the video to the DPD Special Investigation Unit ("SIU").[2]  The SIU

---

[2]The SIU is responsible for investigating incidents involving firearms.

determined that plaintiffs had not been involved in the shooting and did not file any charges related to the shell casings that McKinnon had retrieved.  Two years later, however, plaintiffs were indicted for the felony offense of tampering with evidence, related to their actions on the night of August 4, 2019.[3]

On March 22, 2022 Frias' case proceeded to trial.  Officer Hernandez acknowledged during his trial testimony that neither plaintiff had been involved in the shooting or the criminal mischief associated with a broken window.  It was revealed that Officer Hernandez was regularly employed by the Stainback Organization.  This relationship had not been disclosed to the DPD, in violation of DPD General Orders, which require disclosure of any conflicts of interest with a private employer.[4]  It was also discovered that Officer Hernandez's involvement with the case began when he received a cell phone call from property manager Suzi Faaitiiti ("Faaitiiti"), an affiliate of the Stainback Organization, about the incident.  On the call, Officer Hernandez told Faaitiiti not to communicate with third parties about the matter.  Officer Hernandez received a second call from Faaitiiti a few days later in which she reported receiving another shell

[3]McKinnon and Frias were indicted in June 2021, and in September 2021 they turned themselves in.

[4]Plaintiffs maintain that Officer Hernandez's pursuit of criminal charges violated the following provisions of § 421.00 of DPD's General Orders: § 421.01 (stating that an officer working off duty is held to the same standard that applies on duty hours); § 421.03F (stating that "[n]o member of the department will engage in any off-duty employment where his/her official position might be used to advance private interests or to damage the department's credibility."); and § 421.03J (stating that an employee working off duty shall not use his employment with the City of Dallas to provide information to an off duty employer not available to the general public).

casing, but the person who collected that shell casing was not charged. After this information came to light, the Assistant District Attorney moved to dismiss the criminal prosecution against Frias, and, on April 21, 2022, the criminal case against McKinnon was also dismissed. This lawsuit followed. Officer Hernandez moves to dismiss for failure to state a claim on which relief can be granted.

II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) ). To survive defendant's motion to dismiss, Frias and McKinnon must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it

has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2) ).

Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' " it demands more than "labels and conclusions."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  And "a formulaic recitation of the elements of a cause of action will not do."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citation omitted).

## III

The court begins with plaintiffs' claim under 42 U.S.C. § 1983 for false arrest.

### A

Officer Hernandez moves to dismiss plaintiffs' 42 U.S.C. § 1983 false arrest claim on the ground that plaintiffs have failed to adequately plead facts from which the court can reasonably infer a violation of plaintiffs' Fourth Amendment right to be free from arrest without probable cause.  According to Officer Hernandez, plaintiffs' "shotgun-pleading" is "entirely boilerplate" and does not provide sufficient details to state a claim, such as when plaintiffs were arrested or the criminal offenses with which they were charged; plaintiffs have failed to allege specific unconstitutional acts taken by Officer

Hernandez in connection with their arrest (the complaint fails to show that the charging decision was impacted by any false information because it does not allege what facts were fabricated, how they were relied on to bring a criminal charge, and how those facts were false); and even if the complaint had alleged specific facts, the facts that are pleaded show that there was probable cause to arrest plaintiffs, so they cannot assert a plausible Fourth Amendment claim for unreasonable seizure.

Plaintiffs respond that their complaint pleads sufficient facts to establish there was no probable cause to charge them; that the evidence details that McKinnon lacked the criminal intent necessary for a charge of tampering with evidence and Frias committed no culpable act; and that Officer Hernandez's actions were not objectively reasonably and he took *ultra vires* steps to circumvent the decision of reasonable officers that there was no probable cause to arrest plaintiffs.

Officer Hernandez replies that the facts alleged in the complaint show that there was probable cause for the crime of tampering with evidence, and plaintiffs' reliance on suspicious circumstances is not sufficient for a constitutional claim; that an officer's specific motivation at the time of the arrest is not the inquiry nor does it matter that plaintiffs had an explanation for removing the shell casings; and that his alleged violation of DPD rules is misplaced because the Fourth Amendment does not encompass workplace rules.[5]

_____

[5]Officer Hernandez contends that plaintiffs' response violates two local rules: First, it fails to comply with N.D. Tex. Civ. R. 15.1 because plaintiffs asked for leave to amend the pleadings but failed to attach a proposed motion as an exhibit; and, second, part of the

B

To prevail on a § 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause, in violation of the Fourth Amendment. *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007). The independent intermediary doctrine is relevant when the plaintiff's claim depends on a lack of probable cause to arrest him. *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 553 (5th Cir. 2016). Under this doctrine, "even an officer who acted with malice in procuring the warrant or the indictment will not liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's 'independent' decision 'breaks the causal chain' and insulates the initiating party." *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988) (quoting *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982) ). The causal chain remains intact if "it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Id.* at 1428. This doctrine applies even if the arrestee was never convicted of any crime. *Buehler*, 824 F.3d at 554; *see also Smith*, 670 F.2d at 526 (stating that "[t]he constitution does not guarantee that only the guilty will be arrested").

---

response violates Rule 7.2(a) because the font is too small. Although this court sometimes cautions that the "[f]ailure to comply with a local civil rule of this court is to be carefully avoided and should not be repeated," *Obregon v. Melton*, 2002 WL 1792086, at *1 n.3 (N.D. Tex. Aug. 2, 2002) (Fitzwater, J.), plaintiffs' failure to follow the local rules has not interfered with the court's decisional process. Accordingly, the court will not deny relief to plaintiffs based on their failure to adhere to these local rules.

C

At the motion to dismiss stage, plaintiffs "must bring specific, nonspeculative allegations that the defendant deliberately or recklessly provided false information to the independent intermediary" to overcome the independent-intermediary doctrine. *Poullard v. Jones*, 596 F.Supp.3d 729, 738 (N.D. Tex. 2022) (Boyle, J.); *see also McLin v. Ard*, 866 F.3d 682, 690 (5th Cir. 2017) (stating that mere allegations of taint may be adequate to survive where the complaint alleges other specific facts that support the inference).

In the present case, because the grand jury indicted plaintiffs, they must show (and at the Rule 12(b)(6) stage must plausibly plead) that Officer Hernandez tainted the grand jury deliberations in some way to overcome the independent-intermediary doctrine. The complaint alleges that Officer Hernandez and/ or other defendants:

> deliberately fabricated facts and/or omitted material facts that caused Plaintiffs to be charged wrongfully with a criminal offense. Defendant's or Defendants' actions were made fraudulently, maliciously, intentionally, knowingly, recklessly, and with plain incompetence. He or they likewise made several intentional, knowing or reckless statements of fact in reports and other writings upon which public officials relied and would have relied to seek the prosecution of Plaintiffs. Defendant knew that others would rely on these reports, affidavits, or supplemental reports in rendering charging decisions.

Compl. (ECF No. 1) at 8, ¶ 21. These allegations are insufficient legal conclusions. The complaint is devoid of any specific allegations or facts that enable the court to draw the reasonable inference that Officer Hernandez provided false information to the grand jury. Accordingly, even when viewing the allegations of the complaint in the light most

favorable to plaintiffs and all reasonable inferences are drawn in their favor, plaintiffs have failed to allege sufficient facts to state a plausible false arrest claim under 42 U.S.C. § 1983 against Officer Hernandez.

Accordingly, the court grants Officer Hernandez's motion to dismiss plaintiffs' false arrest claim under 42 U.S.C. § 1983.

IV

Although the court is granting Officer Hernandez's motion to dismiss, it will allow plaintiffs to replead.

> [I]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ).  Because plaintiffs have not stated that they cannot, or are unwilling to, cure the defects that the court has identified, it grants them 28 days from the date this memorandum opinion and order is filed to file a first amended complaint.

V

Plaintiffs also bring state-law claims against Officer Hernandez for malicious prosecution, false imprisonment, and civil conspiracy, which he moves to dismiss.  The court declines to reach this part of Officer Hernandez's motion.

Although this court can exercise supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a), in this circuit "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."  *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).  Because the court is dismissing plaintiffs' federal-law claim, in its discretion it would also decline to exercise supplemental jurisdiction over the state-law claims.  There is therefore no need for the court to address the part of Officer Hernandez's motion that seeks dismissal of the state-law claims on the merits.

\*   \*   \*

Accordingly, for the reasons explained, the court grants Officer Hernandez's August 17, 2023 motion to dismiss as to plaintiffs' federal-law claim, declines to reach the motion as to plaintiffs' state-law claims, and grants plaintiffs leave to replead.

**SO ORDERED**.

November 6, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 10 -